# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN R. ANDERSON, | ) | |
| --- | --- | --- |
| Plaintiff | ) | C.A. No. 13-234 Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| VENANGO COUNTY PRISON, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

Plaintiff initiated this *pro* se civil rights action on August 1, 2013. At the time of filing suit, Plaintiff was an inmate at the Venango County Prison in Franklin, Pennsylvania. On May 14, 2014, this Court held a telephonic status conference in this case at which only Defendant's counsel was present. At that time, Defendant's counsel notified the Court that Plaintiff was not present on the conference call because he was no longer incarcerated at Venango County Prison and had possibly been extradited to Florida; yet, Plaintiff had failed to notify either the Court or Defendant's counsel of his change of address. Thus, by Order of this Court dated May 14, 2014, Plaintiff was ordered to file a notice of his change of address with the Court on or before June 9, 2014, or suffer dismissal of this case for failure to prosecute. To date, Plaintiff has failed to comply with this Order.

### II. DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by

*the* failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this matter is warranted. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with this Court's Order to file a notice of his change of address and, as a result, neither the Court nor Defendant's counsel is able to contact him to move this case forward. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN R. ANDERSON, | ) | |
| --- | --- | --- |
| Plaintiff | ) | C.A. No. 13-234 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| VENANGO COUNTY PRISON, | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 26th day of June, 2014,

IT IS HEREBY ORDERED that this *pro se* civil rights action is dismissed due to Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge